UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. WALKER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SN SERVICING CORPORATION,<br><br>Defendant. | Case No. 1:20-cv-05830 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, JOHN A. WALKER, individually, and on behalf of all others similarly situated, through undersigned counsel, pursuant to Fed. R. Civ. P. 23, complaining of Defendant, SN SERVICING CORPORATION, as follows

## NATURE OF ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1 et *seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5. JOHN A. WALKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4213 South Vincennes Avenue, Chicago, Illinois 60653.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

8. Plaintiff is a "consumer" as defined by 815 ILCS 505/1(e).

9. SN SERVICING CORPORATION ("Defendant") is a corporation organized and existing under the laws of the state of Alaska.

10. Defendant has its principal place of business at 13702 Coursey Boulevard, Building 1A, Baton Rouge, Louisiana 70817.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13. Defendant is engaged in "commerce" as defined by 815 ILCS 505/1(f).

**FACTUAL ALLEGATIONS**

14. On June 15, 2007, Plaintiff executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of Decision One Mortgage Company, LLC (the "Mortgage").

15. The Mortgage secured the purchase of Plaintiff's personal residence located at 4213 South Vincennes Avenue, Chicago, Illinois 60653 (the "Property").

16. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $266,000.00 (the "Loan").

17. On April 12, 2013, MERS executed an assignment of mortgage in favor of FV-I, Inc. in trust of Morgan Stanley Capital Holdings LLC.

18. On February 23, 2016, FV-I, Inc. in trust of Morgan Stanley Capital Holdings LLC executed an assignment of mortgage in favor of Bayview Acquisitions, LLC.

19. On June 20, 2016, Bayview Acquisitions, LLC executed an assignment of mortgage in favor of Bayview Loan Servicing, LLC.

20. On October 12, 2017, Bayview Loan Servicing, LLC executed an assignment of mortgage in favor of Bayview Dispositions IVB, LLC.

21. On October 12, 2017, Bayview Dispositions IVB, LLC executed an assignment of mortgage in favor of Morgan Stanley Mortgage Capital Holdings LLC.

22. On April 26, 2018, Morgan Stanley Mortgage Capital Holdings LLC by Specialized Loan Servicing LLC, as Attorney in Fact, executed an assignment of mortgage in favor of FV-I, Inc. in trust of Morgan Stanley Capital Holdings LLC.

23. On June 1, 2018, Plaintiff defaulted on the Loan by failing to make monthly payments.

24. On December 6, 2018, FV-I, Inc. in trust of Morgan Stanley Capital Holdings LLC executed an assignment of mortgage in favor of U.S. Bank Trust National Association as Trustee of the Bungalow Series III Trust.

25. On March 26, 2019, U.S. Bank Trust National Association as Trustee of the Bungalow Series III Trust executed an assignment of mortgage in favor of U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust.

26. Servicing rights to Plaintiff's Loan were subsequently transferred to Defendant.

27. On June 20, 2019, U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust initiated mortgage foreclosure proceedings against the Property.

28. By this time, all the payments owing under Plaintiff's Loan were accelerated.[1]

29. Once Plaintiff's Loan was accelerated, the Plaintiff's entire Loan balance was due; in other words, no further monthly payments became due.

30. Defendant was therefore not required to incur administrative expenses in handling late payments.

31. On September 20, 2019, a $37.93 late charge was assessed to Plaintiff's Loan.

32. On October 17, 2019, a $37.93 late charge was assessed to Plaintiff's Loan.

33. On November 19, 2019, a $37.93 late charge was assessed to Plaintiff's Loan.

34. On December 17, 2019, a $37.93 late charge was assessed to Plaintiff's Loan.

35. Defendant sent a monthly mortgage statement (the "Mortgage Statement") to Plaintiff, dated January 8, 2020.

36. The Mortgage Statement stated, in part:

| Account Information – Statement Date: 1/8/2020 | |
|---|---:|
| Account Number | 000028XXXX |
| Payment Due Date | 2/1/2020 |
| **Total Amount Due** | **$33,948.96** |
| $37.93 late fee may be charged on or after 2/17/2020 | |
| Outstanding Principal | $160,858.83 |
| This is not the amount to pay off your loan | |
| Interest Rate | 4.74% |
| Prepayment Penalty | No |
| Escrow Balance | -$6,034.03 |

\*\*\*

---

[1] A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law. *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16, 389 Ill. Dec. 405, 26 N.E.3d 495 ("If CitiMortgage had not sent an acceleration notice, it would not be entitled to foreclose," therefore not satisfying "a condition precedent to its right to bring suit.").

> **\*\* Delinquency Notice \*\***
> **You are late on your mortgage payments. A first notice or filing for a foreclosure action has been initiated.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of January 8, 2020, you are 585 days delinquent on your mortgage loan and your most delinquent payment was due on 6/1/2018. You are currently participating in the following loss mitigation program: Forbearance Plan.
> This is your *Recent Account History:*
> - Payment due 08/01/2019
> - Payment due 09/01/2019
> - Payment due 10/01/2019
> - Payment due 11/01/2019
> - Payment due 12/01/2019
> - Payment due 01/01/2020
> - Current payment due 02/01/2020: $1,284.41
> - **Total: $33,948.96 due. You must pay this amount to bring your loan current.**

37. The Mortgage Statement indicated "$37.93 late fee may be charged on or after 2/17/2020."

38. The Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. On January 17, 2020, a $37.93 late charge was assessed to Plaintiff's Loan.

40. On February 18, 2020, a $37.93 late charge was assessed to Plaintiff's Loan.

41. On March 17, 2020, a $37.93 late charge was assessed to Plaintiff's Loan.

42. At no time was the Loan reinstated or attempted to be reinstated by Plaintiff.

## **DAMAGES**

32. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

33. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke

v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

34. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

35. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

36. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

37. The Letter deceived Plaintiff into believing that Defendant is entitled to late fees post-acceleration (absent reinstatement).

38. The Letter deceived Plaintiff into believing that Plaintiff's Loan balance is subject to increase because of monthly late fees.

39. As result of Defendant's unlawful conduct, Plaintiff was assessed improper late fees – adding $265.51 to Plaintiff's Loan balance.

40. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)
### (On behalf of Plaintiff and the Members of Putative Class)

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. If late charges are tied to overdue monthly payments, the absence of any monthly payment obligation after acceleration precludes the imposition of late charges for that period. *See Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003).

43. While the promissory note provides for late fees when a monthly payment has not been made within fifteen days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

44. In other words, once Plaintiff's Loan was accelerated, Plaintiff's right and obligation to make monthly payments ceased and no payment due could be considered "late."

### Violation of 15 U.S.C. § 1692e

45. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. Defendant's statement that "$37.93 late fee may be charged on or after 2/17/2020" is false, deceptive, or misleading as it creates the false impression that Plaintiff is subject to late fees.

47. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means in representing to Plaintiff that they were subject to $37.93 in late fees every month after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late fees for that period.

### Violation of 15 U.S.C. § 1692f

48. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

49. Defendant violated 15 U.S.C. § 1692f(1) by assessing $265.51 in late fees to Plaintiff's Loan after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

50. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

8

  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

  (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e(10) and f(1);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e(10) and f(1);

D. an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et *seq*.)**
**(On behalf of Plaintiff and the Members of Putative Class)**

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Section 2 of ICFA provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been deceived, or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.

53. Defendant violated 815 ILCS 505/2 by engaging in the following acts or practices in the course of mortgage servicing:

    A.    Assessing late charges to Plaintiff's Loan after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

    B.    Representing to Plaintiff that they were subject to late charges after acceleration and without reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and without reinstatement precludes the imposition of late charges for that period.

54. Defendant's complained-of behavior constitutes unfair methods of competition and unfair and deceptive acts and practices including, but not limited to: the use and employment of

deception, fraud, misrepresentation and the concealment, suppression, and omission of material facts, with intent that others rely thereon in violation of 815 ILCS 505/2.

55. Specifically, it is unfair and deceptive for Defendant to assess late fees when they were legally unable to do so.

56. Defendant's complained-of unlawful conduct was willful and intentional, with deceptive intent, making this an exceptional case.

57. Defendant's complained-of unlawful conduct was intended to be relied upon by Plaintiff to induce Plaintiff into making monthly payments.

58. Defendant's complained-of unlawful conduct have caused, and will continue to cause, great immediate and irreparable harm to Plaintiff, and consumers generally.

59. Moreover, Defendant is unjustly enriched by assessing (and ultimately collecting) improper late fees to consumers' mortgages.

60. Plaintiff (and consumers generally) have no choice except to subject to Defendant's complained-of unlawful conduct.

61. The substantial injuries complained of are not reasonably avoidable by Plaintiff and are not outweighed by countervailing benefit to Plaintiff.

62. Defendant's complained-of unlawful conduct violates public policy and sheds light on an industry where business decisions are driven by profit – at expense of consumers.

63. Punitive damages are warranted as Defendant's complained-of unlawful conduct is outrageous, wanton and willful, oppressive, against public policy, and demonstrates a conscious disregard and indifference not only for the rights of Plaintiff, but consumers generally who reasonably anticipate that mortgage servicers:

      A.    Will communicate accurately and truthfully regarding their mortgage loan accounts;

      B.    Will not make false and misleading statements regarding their mortgage loan accounts;

      C.    Will adhere to consumer financial laws as well as investor/mortgage servicing guidelines; and

      D.    Will not charge fees that they are not entitled to.

64. Defendant's complained-of unlawful conduct is part of a pattern and practice in which Defendant routinely engages in as part of its business model.

65. Accordingly, punitive damages are warranted to deter Defendant from future misconduct.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, request the following relief:

      A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

      B.    a finding that Defendant violated 815 ILCS 505/2;

      C.    an order enjoining Defendant from further violation(s) of 815 ILCS 505/2;

      D.    an award of any actual damages sustained by Plaintiffs and the Members of the Putative Class as a result of Defendant's violation(s);

      E.    an award of exemplary and punitive damages for Defendant's unfair and deceptive acts and practices;

F.   an award of the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

G.   an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

66.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

67.   Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class")

68.   The FDCPA putative class is defined as follows:

*All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their right under the mortgage (or by statute) to reinstate.*

69.   The ICFA putative class is defined as follows:

*All persons within the State of Illinois to whom (a) within the three (3) years prior to filing of the original complaint and during its pendency; (b) were assessed late charges by Defendant; (c) after the loan was accelerated; and (d) where the person(s) did not invoke their right under the mortgage (or by statute) to reinstate.*

70.   The following individuals are excluded from the Putative Class: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

71. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

72. On information and belief, Defendant services mortgages for hundreds of consumers who fall into the definition of the Putative Class.

73. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

74. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality.

75. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability.

76. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

77. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

78. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

79. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E. Adequate Representation.**

80. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

81. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

82. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: September 30, 2020              Respectfully submitted,

**JOHN A. WALKER**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com